UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JOEL DEL PINO SALAZAR,

     Plaintiff,

vs.

PETAL PRODUCTIONS FLOWERS AND EVENTS LLC,
a Florida limited liability company; and RALPH GROSZ
individually;

     Defendant(s).

_____/

## **COMPLAINT**

COMES NOW, Plaintiff, JOEL DEL PINO SALAZAR (the "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, PETAL PRODUCTIONS FLOWERS AND EVENTS LLC, a Florida limited liability company ("Petal Productions"); and RALPH GROSZ, individually ("Grosz") (Petal Productions and Grosz are hereinafter collectively referred to as the "Defendants"), and alleges as follows:

1.     This is an action for declaratory and injunctive relief and damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., to redress injuries resulting from Defendants' unlawful treatment of Plaintiff.

2.     At all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida, and is otherwise sui juris.

3.     Defendant, Petal Productions, is a Florida limited liability company authorized to conduct business in the State of Florida, where Plaintiff worked for Defendant.

4.      Defendant, Grosz is an individual residing in Florida who acted directly or indirectly in the interest of Petal Productions in relation to Plaintiff, exercised operational control, and is jointly liable as an employer under the FLSA.

5.      Venue is proper because the employment practices hereafter alleged to be unlawful were committed within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6.   Plaintiff was employed by Defendant, Petal Productions, from approximately January 5, 2022 through December 20, 2025, as a driver.

7.   Plaintiff's job duties included transporting individuals, materials, and equipment to various event locations.

8.   Plaintiff is entitled to unpaid overtime wages for hours worked in excess of forty (40) hours per week during the course of his employment.

9.   Plaintiff was paid approximately $17.00 per hour via check.

10. Plaintiff regularly worked approximately sixty (60) hours per week.

11. Plaintiff worked approximately twenty (20) overtime hours per week.

12. During the statutory recovery period (April 7, 2023 through December 20, 2025), Plaintiff worked approximately one hundred forty-one (141) weeks, excluding one week due to a workplace accident.

13. Plaintiff worked approximately 2,820 overtime hours during this period.

14. Plaintiff was not compensated at one and one-half times his regular rate for overtime hours as required by law.

15. Plaintiff is owed approximately $71,910.00 in unpaid overtime wages.

16. Pursuant to the FLSA, Plaintiff is entitled to an equal amount in liquidated damages, bringing the total to $143,820.00.

17. Defendants failed to maintain accurate time and payroll records as required by law.

18. Plaintiff complained about his wages during his employment, including in or around mid-2025.

19. Defendants willfully and knowingly failed to comply with the FLSA.

## COUNT I
### *Wage & Hour Federal Statutory Violation against PETAL PRODUCTIONS FLOWERS AND EVENTS LLC*

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 6 through 19 of this Complaint as if set out in full herein.

21. This action is brought by Plaintiff to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

22. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials that had been moved in or produced for commerce.

23. Upon information and belief, Defendant's annual gross revenue exceeded $500,000 per annum.

24. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA.

25. Plaintiff seeks to recover unpaid wages accumulated from within the applicable statutory period.

26. Defendant knew and/or showed reckless disregard for the provisions of the FLSA concerning the payment of overtime wages.

27. As a result, Plaintiff is entitled to recover unpaid wages and liquidated damages.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and unpaid overtime wage compensation for hours worked in excess of forty (40) each week, with interest;

C. Award Plaintiffs an equal amount in double damages/liquidated damages;

D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

a. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### Wage & Hour Federal Statutory Violation against RALPH GROSZ

28. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 6 through 19 of this complaint as if set out in full herein.

29. At all times material, Defendant Grosz acted directly or indirectly in the interest of Petal Productions in relation to its employees.

30. Defendant Grosz had operational control over the business, including authority over hiring, firing, payroll, and work schedules.

31. Defendant Grosz is an employer within the meaning of the FLSA and is jointly and severally liable.

32. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: _____May 1, 2026_____

Respectfully submitted,

*/s/ Shedwin Eliassin*
Shedwin Eliassin, Esq.
Fla. Bar No.: 1060990
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, FL 33144
Telephone: (305) 261-7000
Emails:
shedwin.eliassin@gallardolawyers.com
employment@gallardolawyers.com